(93 South. 918)

No. 25320.

## STATE v. WHITTAKER.

(Oct. 30, 1922.)

*(Syllabus by Editorial Staff.)*

1. **Criminal law ⬤⇒951(2)—Motion for new trial should be made before sentence.**

A motion for a new trial should be made before sentence, and is properly overruled when made afterwards.

2. **Criminal law ⬤⇒977(3)—Three days need not intervene between verdict and judgment.**

As the code of practice does not govern in criminal trials, there is no law requiring that three days intervene between the verdict and judgment in a criminal case.

3. **Criminal law ⬤⇒974(2)—Right to file motion in arrest waived by making no request before sentence imposed.**

Where defendant made no request when asked if he had any reasons to assign why sentence should not be passed upon him, he waived his right to file motion in arrest, and a motion filed after sentence was properly overruled.

4. **Criminal law ⬤⇒974(2)—Motion in arrest may be made at any time before sentence.**

Under the common law which governs in the absence of statute, a motion in arrest of judgment may be made at any time before sentence.

5. **Common law ⬤⇒14—Controls procedure in absence of statute.**

In criminal proceedings, the rules of the common law govern, unless changed by special enactment.

Appeal from Twelfth Judicial District Court, Parish of Vernon; John H. Boone, Judge.

Newt Whittaker was convicted of selling intoxicating liquors for beverage purposes, and he appeals. Affirmed.

P. L. Ferguson, of Leesville, for appellant.
A. V. Coco, Atty. Gen., John B. Hill, Dist. Atty., of Many (T. S. Walmsley, and E. A. O'Sullivan, both of New Orleans, of counsel), for the State.

By the WHOLE COURT.

LAND, J. The defendant was tried and convicted under an indictment charging him with the sale of intoxicating liquors for beverage purposes. Before being sentenced, he was asked by the court if he had anything to say why the sentence of the law should not be pronounced upon him, and the record fails to show that accused made any request of any kind before sentence was imposed. He was sentenced to pay a fine of $400 and to imprisonment for 60 days in the parish jail, and, in default of payment of fine, to be confined in prison an additional 10 months.

On the day following the sentence, defendant appeared through counsel and filed a motion for a new trial, which was objected to by the district attorney as coming too late, and this objection was sustained by the trial judge. Defendant then filed a motion in arrest of judgment, to which a similar objection was urged by the state, followed by a similar ruling of the judge a quo.

In the case of the State v. Eugene Offutt, 38 La. Ann. 365, the court said:

"On appeal from a criminal prosecution, this court has no more concern with proceedings or other incidents connected with the accused or with the charge under which he has been convicted, which have occurred subsequently to the trial and sentence, than it would have with the mode of incarcerating the accused, or with the action of the executive department of the state in enforcing the judgment of the court, or in commuting or remitting such sentence."

[1] A motion for new trial should be made before sentence. State v. Smith, 46 La. Ann. 1433, 16 South. 372.

[2] The Code of Practice does not regulate criminal trials, and there is no law of this state that three days should intervene between a verdict in a criminal case and the judgment pronounced thereon. State v. Johnson, 31 La. Ann. 482.

Citing the Johnson Case, above referred to as authority, Mr. Bishop states that a sentence in this state may follow instantly unless the court, for its convenience or some cause shown, postpones the sentence to a future day. He also states that, when the prisoner is asked, as in the instant case, preparatory to the passing of sentence, whether he has anything to say why it should not be rendered, he may then move in arrest of judgment, if he has not done it before, or he may plead a pardon, should he have one, or either directly or by implication he may waive the right. Bish. New Crim. Proc. vol. 1, § 1293, p. 797.

[3-5] The defendant made no request when asked by the court if he had any reasons to assign why sentence should not be passed upon him, and thereby waived his right to file a motion in arrest. It is well settled at common law that the motion in arrest of judgment may be made at any time before sentence. There is no statute in this state granting delays for the filing of this motion, and in our criminal proceedings we are governed by the rules of the common law, unless charged by special enactment. Whart. Crim. Proc. vol. 3 (11th Ed.) § 1700, p. 2132. The motions for new trial and in arrest of judgment were properly overruled by the trial judge.

For the reasons assigned, the judgment appealed from is affirmed.