BRUNOT, J.
 

 The defendant was indicted by the grand jury for a misdemeanor, viz. manufacturing intoxicating liquor for beverage purposes. She was arraigned, tried, and convicted of the offense charged and was released on bond to appear in court on a fixed date for sentence. On the day fixed the Sentence was deferred until further notice. More than 1 year thereafter the defendant came into court and on her own motion and the motion of the district attorney, she was called to the bar to be sentenced; and the court sentenced her to imprisonment in the parish jail for 60 days, and to pay- a fine of $500, and the cost of the prosecution, or, in default of the payment of the fine and costs, to - an additional term of imprisonment in the parish jail for 1 year. From the judgment and sentence, she appealed.
 

 There is one bill of exceptions in the record. It was reserved to the overruling by the court of defendant’s motion for a new trial. The motion was filed after sentence had been imposed, and more than a year after trial and conviction. Only one ground is alleged in the motion as a reason why defendant should be granted a new trial, viz. that defendant’s counsel was not notified of the court’s intention to sentence his client. In the bill of exceptions, however, counsel has incorporated an additional reason, viz. that defendant was sentenced while the court was in vacation. As this ground was not alleged in the motion for a new trial, it was not presented to and passed upon by the lower court and it is, therefore, not reviewable here. However, the judge, in his per curiam, refers to it, and we think it proper to hereinafter quote the law authorizing trials of misdemeanors in the district courts, in or out of term time.
 

 There is no law in this state and our attention has not been directed to any law in other jurisdictions which requires the giving of notice to a defendant’s counsel of the court’s intention to impose sentence uxwn a person convicted of a misdemeanor.
 

 Motions for new trial must be filed within a reasonable time after the verdict or conviction, except' where the court, in its discretion, may grant additional delay. No application for further time was made in this case, and the motion for a new trial was filed more than 1 year and 4 months after trial and conviction. Moreover, this court has repeatedly held that a motion for a new trial comes too late if it is applied for after sentence has been imposed. State v. Offutt, 38 La. Ann. 364; State v. Smith, 46 La. Ann. 1433, 16 So. 372; State v. Torris, 138 La. 463, 70 So. 475; State v. Coleman, 141 La. 166, 74 So. 892; State v. Whittaker, 152 La. 611, 93 So. 918.
 

 The authority of the court to try and dispose of misdemeanors or minor offenses in or out of term time is found in section 42 of article 7 of the Constitution of 1921, from which we quote the following:
 

 “The district judges shall have authority to try at any time misdemeanors, and, when the
 
 *321
 
 jury is waived by the defendant, all cases not capital or necessarily punishable at hard labor, and to receive pleas of guilty in all cases less than capital.”
 

 Prior to the adoption of the Constitution of 1921, the authority of the district court to try misdemeanors in or out of term time was conferred by article 117 of the Constitution of 1898, and by Act No. 163 of 1898.
 

 For these reasons, the judgment and sentence appealed from are affirmed.