judge or that he has suffered any injury thereby.

For the reasons assigned, the rule nisi is recalled and the application for writs is denied at relator's cost.

180 So. 411

**STATE v. STONE.**

No. 34651.

March 7, 1938.

Rehearing Denied April 4, 1938.

James T. Shell, Jr., of Bastrop, for appellant.

Gaston L. Porterie, Atty. Gen., and James O'Connor, Asst. Atty. Gen., and Frank W. Hawthorne, Dist. Atty., and George W. Lester, Asst. Dist. Atty., both of Monroe, for the State.

PONDER, Justice.

Charles Stone, the defendant, was charged in a bill of information on October 16, 1937, with violating paragraph 1 of section 13 of Act No. 177 of 1920, generally called the Blue Sky Law. The defendant was charged with failing to comply with the provisions of the act by selling and offering stock for sale in a foreign investment company, an issuer of securities, without first having registered with and obtained from the Louisiana Securities Commission a license or permit to do so; he, the defendant, being a dealer or officer of the corporation. On October 18, 1937, the defendant was arraigned and his case was set for trial for October 22, 1937, at which date the defendant was tried, convicted, and sentenced to pay a fine of $1,000 and serve six months in jail, subject to road duty, and in default of payment of the fine an additional one year in jail. From the conviction and sentence the defendant prosecutes this appeal.

During the course of the trial four bills of exceptions were reserved to the rulings of the court.

Bill of exception No. 1 was taken to the overruling of defendant's motion to quash the bill of information. It is set out in the motion to the effect, viz., that Act No. 177 of 1920 has been repealed, superseded, and replaced in its entirety by Act No. 163 of 1936, and that Act No. 177 is of no effect and cannot serve as the basis for the prosecution of an offense alleged to have been committed thereunder.

■ The counsel for the defendant contends that Act No. 163 of 1936 repeals Act No. 177 of 1920 by implication. The counsel relies mainly on the provision in section 3 of Act No. 163 of 1936 wherein it is stated: "The provisions of this Act shall, in no way, affect pending prosecutions in this State for violations of Act 177 of 1920." An examination of these acts show that there is no provision in Act No. 163 of 1936 that conflicts with paragraph 1 of section 13 of Act No. 177 of 1920. The defendant is prosecuted for violation of paragraph 1 of section 13 of Act No. 177 of 1920. Act No. 163 of 1936 makes it a felony to make any misrepresentation, with intent to deceive, concerning securities in the disposing of or selling of securities, which is an entirely different subject matter than that contained in paragraph 1 of section 13 of Act No. 177 of 1920. The defendant herein was not convicted of making misrepresentation in the sale of the stocks, but was convicted of selling stock without a permit or license. The provision in section 3 of Act No. 163 of 1936, which the defendant relies on, has reference to pending prosecutions under that part of Act No. 177 of 1920 that is in conflict with Act No. 163 of 1936.

Bill of exception No. 2 was taken to the overruling of defendant's motion for a continuance. The basis of this motion is to the effect that defendant's attorney did not have sufficient time to prepare the case for trial. The offense charged is a misdemeanor. The defendant was charg-

ed with selling stock without a permit or license.

"The granting or refusing of any continuance is within the sound discretion of the trial judge; provided, that any arbitrary or unreasonable abuse of such discretion may be reviewed by the proper appellate tribunal on appeal. All persons accused of crime shall be entitled to a speedy trial, and may invoke the supervisory jurisdiction of the Supreme Court to enforce by mandamus this right." Article 320 of the Code of Criminal Procedure.

There is nothing in the record to show that the trial judge arbitrarily or unreasonably abused this discretion. In fact, from the very nature of the offense and the defenses that might be urged, the counsel for defendant had sufficient time to prepare the defense.

Bills of exceptions Nos. 3 and 4 are so closely related that the defendant in his brief has treated them together. Bill of exception No. 3 was reserved to the ruling of the trial judge admitting in evidence the confession of the defendant to the district attorney in the presence of another witness wherein the defendant stated that he did not have a permit or license from the Louisiana Securities Commission to sell stock in the state of Louisiana. Bill of exception No. 4 was taken to the admission in evidence of a stock certificate issued to C. F. Fox and signed by the defendant as president of the corporation. The defendant contends that:

"The essential element of the crime charged—the corpus delicti—was the absence of a license or permit from the Securities Commission—this due to the fact that until the absence of such a license or permit was definitely established, the commission of such a crime could not possibly have been proved, for the sale of stock, even though actually proved, does not constitute a crime unless coupled with proof of the absence of a license or permit. And, the record reveals, beyond the shadow of a doubt, that the only evidence of the corpus delicti of the crime was the uncorroborated alleged confessions of the accused made extrajudicially by him when the District Attorney was making an investigation of the case."

In other words, the defendant contends that it was incumbent upon the, state to prove that the defendant did not have a license by the records of the Louisiana Securities Commission.

The state contends that it is not necessary to produce the record to prove the nonexistence of anything, citing Underhill's Criminal Evidence, 4th Ed., § 108, p. 143.

We are of the opinion that the correct doctrine is laid down in Greenleaf, 16th Ed., Vol. 1, p. 154, § 79, as follows, viz.:

"But where the subject matter of a negative averment lies peculiarly within the knowledge of the other party, the averment is taken as true, unless disproved by that party. Such is the case in civil or criminal prosecutions for a penalty for

doing an act which the statutes do not permit to be done by any persons, except those who are duly licensed therefor; as, for selling liquors, exercising a trade or profession, and the like. Here the party, if licensed, can immediately show it, without the least inconvenience; whereas, if proof of the negative were required, the inconvenience would be very great."

For the reasons assigned, the conviction and sentence are affirmed.