38 So.2d 149

**STATE v. THOMAS.**

No. 38977.

Dec. 13, 1948.

J. W. Jones, Jr., of Natchitoches, for appellant.

Bolivar E. Kemp, Jr., Atty. Gen., M. E. Culligan, Asst. Atty. Gen., J. Reuel Boone, Dist. Atty., of Many, and J. R. Ferguson, Asst. Dist. Atty., of Leesville, for appellee.

PONDER, Justice.

The defendant was convicted of possessing intoxicating liquors for sale in a parish where the sale of intoxicating liquors is prohibited, and sentenced to pay a fine of $400.00 and costs and, in default of payment of fine and costs, to be imprisoned in the parish jail for a period of five months. He has appealed.

During the course of the trial, a bill of exception was taken to the overruling of a motion for a continuance. The defendant's counsel did not appear at the hearing of this appeal or file a brief in support of it.

The motion for continuance was based on two grounds, viz.: first, that the fixing of the trial by the trial court on a date other than during a regular criminal term of court was illegal; and second, that the defendant's counsel did not have sufficient time to prepare the defense.

Under the provisions of Section 42 of Article 7 of the Constitution of 1921 a district judge has authority to try a mis-

demeanor at any time. State v. Rogers, 157 La. 318, 102 So. 414.

The granting or refusal of a continuance rests in the sound discretion of the trial judge and will not be disturbed except where the discretion has been arbitrarily or unreasonably abused. Article 320, Louisiana Code of Criminal Procedure.

The defendant was arraigned on March 1st, and his case was set for trial for March 5th. The trial of the case was postponed to March 6th to enable the defendant's counsel to be present at the trial. There is nothing in the record to show that the defendant was deprived of the attendance or testimony of any specific witness. Under the circumstances, the refusal of the continuance was not arbitrary or unreasonable.

For the reasons assigned, the conviction and sentence are affirmed.