McCALEB, Justice.
Appellant was charged, tried and convicted on three bills of information, which were consolidated for purposes of trial, for aggravated assaults with a knife on three persons in a bar and night club operated by Mrs. Bessie Ray, one of his victims, in the city of Shreveport. Following the imposition of sentences to serve two years in the parish jail on each of the three charges (the sentences in No. 46,158 and No. 46,159 to run consecutively and the sentence in No. 46,160 to run concurrently with the first two sentences), appellant prosecuted this appeal relying for reversal on a single bill of exceptions reserved by him during the course of the proceedings below.
This bill was taken at the beginning of the trial when the judge denied defense counsel’s request that all of the testimony in the consolidated cases be taken down by the court reporter at the expense of the Parish, due to appellant’s inability to pay the costs of having such testimony reported. In refusing appellant’s request, the judge stated that, under the law appertaining to criminal proceedings in the First Judicial District (R.S. 13:962(E), he was without power to require the court stenographer to take down and transcribe all the testimony but that, whenever an objection was made to the admissibility or rejection of any evidence and a bill of exceptions was reserved, a reporter would be called in and instructed to take down the portion of the evidence to which the objection was directed.
In this Court, defense counsel argue that the denial to appellant of the benefit of a written transcript in a criminal case, because he is poor, is violative of his fundamental right under the due process and equal protection clauses of the Fourteenth Amendment to the Constitution of the United States. Griffin v. Illinois (1956), 351 U.S. 12, 76 S.Ct. 585, 100 L.Ed. 891, is cited as authority for their position.
The contention is without merit for a number of reasons, but we need mention only one — which is — since counsel makes no claim that there were any prejudicial legal errors committed during appellant’s trial, there is nothing for this Court to review. Our jurisdiction in criminal cases extends to questions of law alone (see Section 10 of Article 7 of the Constitution) for, by Section 9 of Article 19 of the Constitution, the jury in all criminal cases are the judges of the law and of the facts on the question of guilt or innocence “ * * * having been charged as to the law applicable to the case by the presiding judge.” Hence, our review in criminal cases being restricted to those matters in which some error of law is claimed to have been committed during the trial, appellant has not been prejudiced in any respect by reason of the judge’s ruling for, even if the entire testimony had been reported and transcribed, we could not consider it in the absence of a bill of exceptions pointing to some alleged error of law in the rulings of the court, the circumstances of which could only be shown or explained by the testimony. See R.S. 15:-498, 499, and 500.
*800 Griffin v. Illinois, supra, relied on by counsel is clearly inapposite. The ruling of the United States Supreme Court in that matter was predicated on a finding that the petitioners had raised serious trial errors, which the Court said it “* * * must * * * assume for purposes of this decision * * * would merit reversal * * * ” but for petitioner’s inability to get “ * * * appellate review of those errors solely because they were too poor to buy a stenographic transcript.”
Our law (R.S. 15:498, 499, 500, 502, 503 and. 555) provides an adequate means for all persons tried for crime, poor and rich alike, to have a full appellate review on questions of law by this Court. State v. Rideau, 242 La. 431, 137 So.2d 283; State v. Beuche, 243 La. 160, 142 So.2d 381 and State v. Mack, La., 144 So.2d 363.
The convictions and sentences are affirmed.