HAMITER, Justice.
 

 Harlon and Troy Freeman were tried jointly by a jury, convicted, and each was sentenced to serve three years at hard labor in the state penitentiary, all for allegedly burglarizing a camp building located in DeSoto Parish and owned by one Ralph Shelton. On this appeal they rely on seven bills of exceptions to obtain a reversal of the convictions and sentences.
 

 Upon the court’s refusal to grant a -continuance bill Number 1 was reserved. The defendants -recognize -and concede in their briefs submitted here that “the jurisprudence is replete with cases to the effect” that the granting or denying of a continuance “is within the sound discretion of the Trial Court and will not be reversed unless manifestly erroneous.” However, they argue that the ruling was an abuse of the judge’s discretion, and that it was prejudicial to them.
 

 The record reflects that the bill of information was filed on February 27, 1963, on which day the defendants (assisted by court appointed counsel) appeared, waived arraignment, and pleaded not guilty. The case was then fixed for trial on March 19, 1963. Meanwhile, on March 16, 1963, the motion for a continuance was filed by an employed, and the accuseds’ present, counsel.
 

 In this court such counsel asserts only that, since he was not retained until March 8, 1963, there was insufficient time to permit a proper investigation of the charge. But this is merely a conclusion of the pleader; the record contains no evidence to support the assertion. Under these circumstances we think that the period of eleven days, which counsel had, was ample to prepare the defenses. See State v. Gilliard, 143 La. 604, 78 So. 978, State v. Leahy, 175 La. 659, 144 So. 138, State v. Stone, 189 La. 567, 180 So. 411, State v. Thomas, 214 La. 499, 38 So.2d 149, and State v. McAllister, 244 La. 42,
 
 *670
 
 150 So.2d 557. Accordingly, we are unable to hold that the judge abused his discretion.
 

 Bill Number 2 has been abandoned.
 

 When the court overruled a defense motion to have all of the testimony adduced at the trial recorded and transcribed at the expense of the state bill Number 3 was taken. The accuseds urge that such holding was contrary to the rulings of the United States Supreme Court in Griffin v. Illinois, 351 U.S. 12, 76 S.Ct. 585, 100 L.Ed. 891, Eskridge v. Washington State Board of Prison Terms and Paroles, 357 U.S. 214, 78 S.Ct. 1061, 2 L.Ed.2d 1269, and Draper v. State of Washington et al., 372 U.S. 487, 83 S.Ct. 774, 9 L.Ed.2d 899.
 

 For several reasons there is no merit in the bill. Firstly, we do not understand that the cited decisions hold that a defendant in every case is entitled to have all of the testimony recorded and transcribed. According to them there should be provided only so much of the evidence as is necessary to properly prepare his appeal. As we noted in State v. Daley, 243 La. 760, 146 So.2d 798: “ * * * Our jurisdiction in criminal cases extends to questions of law alone * * *. Hence, our review in criminal cases being restricted to those matters in which some error of law is claimed to have been committed during the trial, appellant has not been prejudiced in any respect by reason of the judge’s ruling for, even if the entire testimony had been reported and transcribed, we could not consider it in the absence of a bill of exceptions pointing to some alleged error of law in the rulings of the court, the circumstances of which could only be shown or explained by the testimony. * * * ” Here, all of the testimony pertinent to the defendants’ various bills of exceptions is contained in the record; and they have not urged that there was no evidence to support the convictions. Consequently, the recording and transcription of all of the testimony would have been of no value to them.
 

 Secondly, LRS 13:4529 provides that if a person is unable to pay costs in a criminal case he shall be entitled to prosecute an appeal on a showing made by
 
 his
 
 affidavit that he is unable to pay said costs, and also by an affidavit of a disinterested person
 
 “other than his counsel”
 
 who knows the accused and his financial condition and believes that he is unable to pay the costs. No such affidavits were presented in the instant case. Of course, the motion itself does allege the inability of defendants to pay; but it is verified only by defense counsel and then on information and belief.
 

 Bill Number 4 was reserved when the trial judge permitted the introduction of the defendants’ confessions (all of the testimony relating to this issue is in the
 
 *672
 
 record before us). Both officers who had had contact with the accuseds stated that they made no threats, promises or inducements in order to obtain the confessions. The defendants testified to the contrary. After considering all of the evidence the judge permitted the introduction of the confessions, he stating that “there were no substantial promises that would have induced these men to make a confession and that there were no threats sufficient to have induced them to make a confession * We have reviewed the testimony adduced, 'and we concur in the judge’s conclusion.
 

 Supporting such conclusion, incidentally, is-the unqualified testimony-of one of the accused (Harlon Freeman) to the effect that he-did not tell the officers anything as .a result of any promises that they had made or because.he was afraid of them.
 

 On the court’s refusal to permit Darrell Warren, a defense witness, to testify as to what one J. S. Cole had told him during the summer bill Number 5 was taken. The ruling that the evidence sought to be elicited .was hearsay, and therefore inadmissible, was clearly correct.
 

 Bill Number 6 was reserved when the judge, on objection by the state, denied permission for the same witness to anwer 'the following question propounded by de- ' Tensé counsel': “Mr. Warren, in your conversation with Mr. J. S. Cole back during file 'summer' of
 
 1962,'
 
 concerning 'Mr. 'Troy Freeman, did Mr. Freeman — Did Mr. Colé manifest any attitude toward Freeman?” Apparently, the question was an attempt to avoid the previous ruling on hearsay testimony. Nevertheless, since it called merely for the opinion or impression of the witness, rather than for facts within his knowledge, the exclusion of the testimony sought to be elicited was correct. See LRS 15:-463.
 

 Bill Number
 
 7
 
 was taken when one A. A. Kidd was being questioned on direct examination by defense counsel as follows:
 

 “Q.
 
 Mr. Kidd, in
 
 the
 
 connection with the burglary of your camp did you.happen to have a set of steak knives stolen?
 

 “A. I did.
 

 “Q. I show you herewith a set of steak knives. Can you identify these knives?
 

 “A. I can.”
 

 Thereupon, the state objected to any further evidence concerning the burglary of Mr. Kidd’s camp (the charge here was simple burglary of Shelton’s camp building) on the ground that it was immaterial and irrelevant. The objection was sustained.
 

 The defendants were not being tried for the burglary of Mr. Kidd’s camp. And, although in their brief to this court they urge that the ruling was improper since it ■denied them the right “to introduce relevant
 
 *674
 
 evidence”, they do' not explain how ór in what manner the evidence was relevant. In the absence of such explanation we cannot perceive its materiality to the guilt or innocence of the accuseds of the crime with which they were charged herein, to-wit: the burglary of the camp building belonging to Ralph Shelton. We find no error in the ruling complained of.
 

 Bill Number 8 was reserved when the judge, on objection of the state, refused to permit defense counsel to elicit from Deputy Sheriff Robert Hargett the name of the person who had informed him as to the location of a shotgun, one of the objects taken in the alleged burglary. In his per curiam to this bill the judge states: “In the absence of any showing .that the disclosure of the informer’s identity was material, relevant and essential to the defense of the accused, it was the opinion of the Court that the objection complained of should be sustained; and accordingly, it was sustained.” This ruling is correct. As pointed out in Scher v. United States, 305 U.S. 251, 59 S.Ct. 174, 83 L.Ed. 151, “ * * * public policy forbids disclosure of an informer’s identity unless essential to the defense * *
 

 In the brief to this court defense counsel makes the argument that a showing of Cole’s dislike for the accuseds, coupled with evidence to the effect that Cole was the informer, would have indicated Cole’s con— nection with and guilt of the crime. However, we agree with the holding of the judge that in the absence of other evidence connecting the informer with the crime (and there was none) his identity simply as an informer was irrelevant and, consequently, was inadmissible.
 

 For the reasons assigned the convictions and sentences are affirmed.