Richard Keith DUMIRE, Defendant Below, Appellant,

v.

STATE of Delaware, Plaintiff Below, Appellee.

Supreme Court of Delaware.

May 24, 1971.

Petition for Reargument Denied
June 8, 1971.

Julian D. Winslow, Wilmington, for defendant below, appellant.

Mason E. Turner, Jr., Deputy Atty. Gen., Wilmington, for plaintiff below, appellee.

WOLCOTT, Chief Justice, and CAREY and HERRMANN, JJ., sitting.

HERRMANN, Justice:

This is an appeal from a judgment of conviction for operating a motor vehicle while under the influence of intoxicating liquor. The State has filed a motion to affirm the judgment below under the new Rule 8(2) of this Court, Del.C.Ann.[1]

We have carefully considered the appellant's opening brief. The sole issue presented on the appeal is the propriety of the action of the Trial Judge in discharging one of the jurors and substituting an alternate juror.

It appears that the Trial Judge, *sua sponte,* excused one of the jurors and substituted an alternate juror duly selected under Superior Court Criminal Rule 24(c).[2] The reason for the replacement was that the regular juror had stated to the bailiff that he had "had a very bad experience" with drunkenness after the use of tranquilizers and intoxicating liquor upon the death of his son. The bailiff notified the Trial Judge of the remark, whereupon the Judge called the juror and counsel into chambers. The juror restated his remark to the bailiff about his "bad experience"

1. Rule 8(2), promulgated May 1, 1971, for the purpose of accelerating appellate practice, provides as follows:

"(2) * * * within five days after receipt of the appellant's opening brief, in lieu of a brief the appellee may file and serve a motion to affirm the order or judgment below. The sole ground for such motion shall be that it is manifest on the face of the appellant's brief that the appeal is unquestionably without merit because (1) the issue on appeal is clearly controlled by settled Delaware law; (2) the issue on appeal is factual, and clearly there is sufficient evidence to support the jury verdict or the findings of fact below; or (3) the issue on appeal is one of judicial discretion, and clearly there was no abuse of discretion below. There shall be no briefing or argument on the motion, or response thereto, unless requested by the Court. If the motion to affirm shall be granted, an order will be entered and a mandate will issue thereon, without further briefing and without oral argument. If the motion shall be denied, the appellee's brief will be due within twenty days after receipt of notice of such denial; and the appeal will proceed through briefing, oral argument, and disposition as provided by these Rules."

2. Superior Court Criminal Rule 24(c) provides in pertinent part:

"(c) Alternate Jurors. The court may direct that not more than 4 jurors in addition to the regular jury be called and impanelled to sit as alternate jurors. Alternate jurors in the order in which they are called shall replace jurors who, prior to the time the jury retires to consider its verdict, become or are found to be unable or disqualified to perform their duties. Alternate jurors shall be drawn in the same manner, shall have the same qualifications, shall be subject to the same examination and challenges, shall take the same oath and shall have the same functions, powers, facilities and privileges as the regular jurors. An alternate juror who does not replace a regular juror shall be discharged after the jury retires to consider its verdict. * * *."

and added: "* * * and I thought it might influence the jury and I didn't want any chance, you know, to bringing personal opinion or anything like that to the jury."

The juror stated he "believed" he could decide the case on the evidence "without any reference whatever" to his own experience. In response to the Trial Judge's query whether the juror had "made any mention of this to the other jurors, any of them," the juror replied: "No Sir. I spoke in front of the bailiff and I think one juror was in there with me, but she didn't hear that much of it." Neither counsel had any objection to the juror's continuing to sit; nevertheless, the Trial Judge excused the juror and substituted the alternate, stating:

"This juror says that he is afraid a woman juror overheard what he said to the bailiff. Now that could create a problem and that is the reason I have excused him. * * *. It is what damage might be done because maybe one other juror overheard what he said, or part of what he said, and may have repeated it to some of the other jurors, and we just can't afford to stir this up with the jurors."

We conclude that the action of the Trial Judge was clearly within the realm of the exercise of a sound judicial discretion. The appellant's reliance upon People v. Freistadt, 23 Misc.2d 534, 196 N.Y.S.2d 147 (1960) and People v. Sears, 74 Cal.Rptr. 872, 450 P.2d 248 (Cal.1969) is misplaced because of the obvious differences in factual situations.

Accordingly, we hold that, within the meaning of Rule 8(2), "it is manifest on the face of the appellant's brief that the appeal is unquestionably without merit because * * * the issue on appeal is one of judicial discretion, and clearly there was no abuse of discretion below."

An Order of Affirmance will be entered forthwith.