**Leon I. JOHNSON, Defendant Below, Appellant,**

v.

**STATE of Delaware, Plaintiff Below, Appellee.**

Supreme Court of Delaware.

Oct. 4, 1973.

Richard Allen Paul and Paul M. Lukoff, Asst. Public Defenders, and Donald W. Huntley, Wilmington, of counsel, for defendant below, appellant.

Richard R. Wier, Jr., State Prosecutor, for plaintiff below, appellee.

HERRMANN, C. J., and CAREY and DUFFY, JJ., sitting.

DUFFY, Justice:

Defendant was found guilty of murder in the second degree and sentenced to imprisonment for life. On this appeal he seeks reversal on four separate grounds which are considered *seriatim*.

I

The principal witness against the defendant was his former wife, who was in an apartment with the victim at the time of the shooting. Several times during the trial she became emotionally upset while testifying and on each occasion the Trial Judge ordered a recess so that she had an opportunity to regain control of herself. Defendant argues that his motion for mistrial should have been granted because the witness was "continually hysterical", thus denying him due process in that her emotional display rendered it impossible for the jury to return an impartial verdict.

The record does not provide factual support for that conclusion; it shows, rather, that there were three separate interruptions of the witness' testimony, all during direct examination; it is undisputed that they lasted a total of no more than twenty minutes (in a five-day trial). The rulings by the Trial Judge indicate a reasonable concern for the witness in light of his responsibility to provide a fair trial for defendant. The rulings were well within the Court's discretion. Further, we note that the interruptions of which defendant complains did not occur during cross-examination nor was that in any way limited by the emotional condition of the witness.

II

Defendant's former wife had also testified against him in the Municipal Court in another proceeding. In the trial of this case, defendant offered the testimony of the lawyer who represented him in the Municipal Court for the purpose of showing whether "her means of identification indicated to him [the attorney] any bias or prejudice" which she had against defendant. Defendant's offer was to have the attorney give his opinion based on the testimony of the witness in the Municipal Court. The Superior Court quite properly rejected the offer of the attorney's opinion. State v. Freeman, 245 La. 665, 160 So.2d 571 (1964); Hendrix v. State, 200 Md. 380, 90 A.2d 186 (1952); 31 Am.Jur.2d, Expert and Opinion Evidence §§ 161, 162.

III

During cross-examination a defense witness testified about prior arrests of defendant and he argues that he was thereby irreparably prejudiced. With limited exceptions, the State may not show a defendant's prior trouble with the law, specific criminal acts or ill name among his neighbors. Michelson v. United States, 335 U.S. 469, 69 S.Ct. 213, 93 L.Ed. 168 (1948). We have examined the testimony of which defendant complains and we conclude that it does not come within the *Michelson* rule. The statements were not elicited by the prosecution, they were volunteered by the witness and singly and cumulatively they were harmless. In any event, any error was cured by the careful cautionary instructions given to the jury by the Court during the course of trial.

IV

Defendant argues that the Trial Judge erred in permitting a juror to serve after it was established that the juror knew one of the witnesses for the prosecution. When it was called to the attention of the Court that a juror was acquainted with the key witness for the State, the Trial Judge conducted an inquiry into possible bias of the juror, during which it was revealed that the witness and the juror had attended the same high school some eight or ten years ago. There had been no close social contact then and no contact of any kind since then.

The decision as to whether to excuse a juror is within the sound discretion of the Trial Court. Howard v. State, Del. Supr., 303 A.2d 653 (1973); Dumire v.

State, Del.Supr., 278 A.2d 836 (1971). We have examined the transcript and we conclude that there was no abuse of discretion by the Trial Judge.

## V

 In its brief the State asks this Court to make rulings with respect to appropriate jury instructions on alibi and prior statements made by a defendant to the police. We decline to do so. In Henry v. State, Del.Supr., 298 A.2d 327 (1972), we approved (on the State's application) a jury instruction (on circumstantial evidence) which was not directly involved in the appeal; but there the instruction was actually given by the Trial Court. Here, the State asks for a ruling on instructions which were requested but not given and the difference is important and determinative. We decline to make the requested ruling.

\* \* \*

The judgment of the Superior Court is affirmed.