IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| AARON O. LOWMAN, | § | |
| | § | No. 23, 2015 |
| Defendant Below, | § | |
| Appellant, | § | |
| | § | Court Below – Superior Court |
| v. | § | of the State of Delaware in |
| | § | and for Kent County |
| STATE OF DELAWARE, | § | |
| | § | Criminal ID No. 1305008595 |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted: August 26, 2015
Decided: August 28, 2015

Before **STRINE**, Chief Justice; **VALIHURA**, and **SEITZ**, Justices.

## **O R D E R**

This 28th day of August 2015, upon consideration of the parties' briefs and the record below, it appears to this Court that:

(1)  On October 22, 2014, a Superior Court jury convicted Appellant Aaron O. Lowman of possession of a firearm by a person prohibited, possession of a firearm during the commission of a felony, possession of firearm ammunition, disregarding a police signal, resisting arrest, driving with a suspended or revoked license, aggressive driving, improper passing on the left, improper lane change, failure to have lights on,

and speeding.[1] Prior to sentencing, the State filed a Motion to Declare Lowman a Habitual Offender under 11 *Del. C.* § 4214(b).[2] The Superior Court granted the motion and sentenced Lowman to life in prison without the award of good time.[3]

(2) Lowman appeals his convictions. He argues that the Superior Court erred in denying his motion for a mistrial after a witness for the State started to testify about a transaction in which Lowman was involved where he acquired a handgun in exchange for drugs. We find that the Superior Court did not abuse its discretion when it denied the motion. We therefore affirm the judgment of the Superior Court.

(3) On the evening of June 15, 2013, Delaware State Police Detective Matthew Long and Delaware Department of Probation and Parole officer David Angelo were driving in Smyrna, Delaware in an unmarked Chevrolet Impala. They spotted Lowman, whom they knew was wanted on outstanding criminal charges.[4] Lowman was driving a rented beige Nissan Altima registered in North Carolina.[5]

---

[1] App. to Opening Br. at 1-2 (Superior Court Docket), 6-22 (Indictment).
[2] *Id.* at 4 (Superior Court Docket).
[3] Opening Br. at 5.
[4] App. to Opening Br. at 28 (Trial Transcript); App. to Answering Brief at 2 (Trial Test. of Angelo, Oct. 21, 2014).
[5] App. to Opening Br. at 30 (Trial Test. of Long, Oct. 21, 2014).

(4) Detective Long and Officer Angelo attempted to stop the Nissan.[6] Officer Angelo got out of the police vehicle with his gun drawn and identified himself as a probation and parole officer. He addressed Lowman by name and told him to step out of the car.[7] Instead of complying, Lowman sped away.[8] Detective Long and Officer Angelo chased the Nissan with warning lights on at speeds exceeding 100 miles per hour. A camera in the police car recorded the high speed chase. Lowman managed to pull away, and the officers discontinued the chase.[9]

(5) Long and Angelo came across the Nissan again later in the evening and resumed pursuit.[10] Lowman managed once again to pull away from the police vehicle, but Long and Angelo ultimately found the Nissan on State Route 9, overturned on its roof.[11]

(6) As Detective Long and Officer Angelo approached the Nissan, they saw Lowman break the glass out of the back window, crawl out of the vehicle, and attempt to run away.[12] Detective Long used his taser to subdue Lowman and then put him in handcuffs.[13]

---

[6] *Id.*
[7] App. to Answering Br. at 2 (Trial Test. of Angelo, Oct. 21, 2014).
[8] *Id.*
[9] App. to Opening Br. at 32-39 (Trial Test. of Long, Oct. 21, 2014).
[10] *Id.* at 40.
[11] *Id.;* App. to Answering Br. at 2 (Trial Test. of Angelo, October 21, 2014).
[12] App. to Opening Br. at 42-44 (Trial Test. of Long, Oct. 21, 2014).
[13] *Id.* at 45-46.

(7) Lowman's girlfriend, Marshay Johnson, who was also charged in the matter, was inside the Nissan.[14] The officers took Lowman from the scene to Christiana Hospital for medical treatment.[15] After a tow truck arrived and turned the Nissan upright, Delaware State Police Officer David Hake, Jr. searched the vehicle and found a loaded handgun on the driver's floorboard and a package of .22 caliber ammunition underneath the dashboard above the gas pedal.[16]

(8) Nine days later, Detective Long interviewed Lowman at the James T. Vaughn Correctional Center. He read Lowman a Miranda warning and Lowman confirmed that he understood his rights. Detective Long attempted to record the interview but the quality of the recording turned out to be poor.[17] The interview was difficult to hear on the recording[18] and the recording was not introduced into evidence at Lowman's trial.[19] Detective Long testified at Lowman's trial that in the course of the interview Lowman told Detective Long that the handgun and ammunition found in the Nissan belonged to him.[20]

---

[14] *Id.* at 44-45.
[15] *Id.* at 49.
[16] App. to Opening Br. at 69-70 (Trial Test. of Hake, Oct. 21, 2014).
[17] App. to Opening Br. at 106-07 (Trial Test. of Long, Oct. 21, 2014).
[18] *Id.* at 107.
[19] Opening Br. at 21.
[20] App. to Opening Br. at 118 (Trial Test. of Long, Oct. 21, 2014).

(9)     The State called Detective Long as a witness at Lowman's trial. The following exchange took place between the prosecutor and Detective Long, regarding the interview with Lowman at the Vaughn Correctional Center:

Prosecutor:          What did he say about the handgun?

Detective Long:   I asked him questions about the handgun. What Mr. Lowman advised to me is that he obtained the handgun from what he described as a fiend, or someone who commonly abuses drugs. What he explained to me was that he traded three grams of crack cocaine –[21]

Interrupting the testimony, defense counsel objected and moved for a mistrial. The prosecutor informed the court that the witness had been instructed not to bring up drugs during his testimony.[22] Defense counsel argued that Detective Long's testimony was highly prejudicial to Lowman because it introduced evidence of an uncharged crime.[23]

---

[21] *Id.* at 108.

[22] App. to Opening Br. at 109 (Trial Transcript). This Court has previously directed the State to "prepare their witnesses to avoid the risk of prejudice from unnecessary references" to past alleged criminal acts on the part of defendants. *Justice v. State*, 947 A.2d 1097, 1102 n. 27 (Del. 2008). "Evidence of other crimes, wrongs or acts is not admissible to prove the character of a person in order to show action in conformity therewith." Del. R. Evid. 404(b). It appears in this case the caution was given to the witness, but the witness inadvertently referenced the alleged drug transaction when testifying about Lowman's account of how he had come into possession of the handgun found in the Nissan.

[23] *Id.*

(10) The trial judge applied the four-factor test established by this Court in *Pena v. State*[24] to evaluate whether the unsolicited comment from Detective Long was sufficiently prejudicial to merit a mistrial. After reviewing all of the factors, the court found the factors weighed against a mistrial. Citing Lowman's admission to the police that the handgun and ammunition discovered in the rental car belonged to him, the court concluded that the case was not a close one and thus Lowman was not likely prejudiced by Long's testimony. The court also believed that a curative jury instruction was sufficient to mitigate any prejudice.[25] The court denied the motion for a mistrial and instructed the jury as follows:

> Earlier you may have heard the officer, who was on the stand, testify and provide testimony which indicated that the handgun was obtained through someone who commonly abuses drugs. And it was explained to him that, perhaps, the drugs were traded for prohibited contraband. You are to ignore that statement. That has no bearing on this case. It is to be stricken from the record, and you are not to consider it at all in any determination you have in this case.[26]

(11) Lowman argues on appeal that the Superior Court abused its discretion in denying his motion for a mistrial. Lowman contends that, in its application of the *Pena* factors, the Superior Court gave insufficient weight

---

[24] 856 A.2d 548 (Del. 2004).
[25] App. to Opening Br. at 112-115 (Trial Transcript).
[26] *Id.* at 118.

6

to the prejudice Lowman suffered as a result of Long's testimony, and overstated the ability of the instruction to cure the prejudice. In Lowman's view, when the jury heard evidence that Lowman was guilty of uncharged drug dealing, it encouraged them to improperly infer that he was guilty of the firearms offenses because of the prevalent association in crime statistics, the media, and popular culture of drug dealing with firearms possession. According to Lowman, the curative instruction was insufficient to mitigate the prejudice because the instruction simply called attention once more to the testimony and emphasized its importance.

(12) The State argues in response that the trial judge properly applied the *Pena* factors in determining that a mistrial was not warranted. The State notes that Detective Long's testimony was "isolated and not repeated."[27] The State also emphasizes that it was the defense that first introduced drug evidence at trial, by questioning Detective Long about the marijuana grinder found in Lowman's pocket. The State contends that the case was not close on guilt and thus Lowman was not likely prejudiced by Detective Long's remarks. Finally, the State argues that the curative instruction mitigated any prejudice to Lowman.

---

[27] Answering Br. at 12.

(13) Whether to grant a mistrial after an unsolicited response by a witness rests within the trial judge's sound discretion.[28] We review the denial of a motion for mistrial in these circumstances for abuse of discretion or a denial of a substantial right of the complaining party.[29] The decision will be reversed on appeal only if it is based on unreasonable or capricious grounds.[30]

(14) As an initial matter, we are skeptical that Detective Long's testimony was improper. The State asked a non-leading question that did not suggest an answer relating to drugs. The gun for drugs transaction was directly relevant to one of the central issues in the case – whether the handgun and ammunition found in the rented Nissan belonged to Lowman.

(15) Assuming, as the parties have in this appeal, that Detective Long should not have referred to drugs in his testimony, we review the Superior Court's application of the four factor test adopted by this Court in *Pena*: (1) the nature or frequency of the conduct or comments; (2) the likelihood of resulting prejudice; (3) the closeness of the case; and (4) the

---

[28] *Taylor v. State*, 690 A.2d 933, 935 (1997) (citing *Johnson v. State*, 311 A.2d 873, 874 (1973)).
[29] *Justice v. State*, 947 A.2d 1097, 1102 (Del. 2008) (quoting *Pena v. State*, 856 A.2d 548, 550 (Del. 2004)).
[30] *Banther v. State*, 977 A.2d 870, 890 (Del. 2009) (citing *Zimmerman v. State*, 628 A.2d 62, 65 (Del. 1993)).

sufficiency of the trial judge's efforts to mitigate any prejudice.[31]  Applying the *Pena* factors to this case, we find no abuse of discretion.

(16)  First, Detective Long's comments were "neither persistent nor frequent."[32]  Long's reference to Lowman's alleged participation in a drug transaction amounted to a lone remark that was not repeated.  It was an "isolated occurrence."[33]

(17)  Second and third, although there was a risk of resulting prejudice from the testimony, the likelihood that Lowman was prejudiced by Long's comments was slight in this case because the case was not a close one.  The evidence against Lowman on the firearm possession charges – possession of a firearm by a person prohibited and possession of a firearm during the commission of a felony – was overwhelming.  Lowman stipulated that he was a person prohibited from possessing a firearm.[34]  His commission of the felony – disregarding a police officer's signal – was caught on the police car camera.[35] Detective Long saw him crawling out of and fleeing from the car involved in the chase, in which the handgun and

[31] *Pena*, 856 A.2d at 550-51 (citation omitted).
[32] *Copper v. State*, 85 A.3d 689, 694 (Del. 2014).
[33] *Id.*
[34] App. to Opening Br. at 24 (Trial Transcript).
[35] *Id.* at 32-39 (Trial Test. of Long, Oct. 21, 2014).

ammunition were found. Lowman later admitted to Detective Long that the gun and ammunition belonged to him.[36]

(18) Finally, the curative instruction given to the jury by the trial judge was a meaningful and practical alternative in this case to declaring a mistrial.[37] As our cases recognize, curative instructions can be effective to address problematic testimony.[38] Given the reality that the drug charges against Lowman had been dropped, the curative instruction for the jury to focus solely on whether Lowman had possession of the fireman was sufficient in these circumstances. Detective Long's testimony was not the kind of prejudicial testimony that is so powerful that a curative instruction could not neutralize the harmful effects.

(19) The trial judge properly assessed the factors for determining whether a mistrial must be ordered, and concluded that a sufficient alternative to a mistrial existed in a curative instruction, which he promptly issued to the jury.

---

[36] *Id.* at 42-43, 118.

[37] *See Justice*, 947 A.2d at 1100 ("A mistrial is appropriate only when there are no meaningful or practical alternatives to that remedy or the ends of public justice would otherwise be defeated.").

[38] *Pena*, 856 A.2d at 551 (citation omitted); *accord Copper*, 85 A.3d at 695; *McNair v. State*, 990 A.2d 398, 403 (Del. 2010); *Purnell v. State*, 979 A.2d 1102, 1109 (Del. 2009); *Revel v. State*, 956 A.2d 23, 27 (Del. 2008).

NOW, THEREFORE IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

/s/ *Collins J. Seitz, Jr.*
Justice