THOMPSON, J.
The relator, Lucius Woods, invokes the authority of the habeas corpus to obtain his release and discharge from the state penitentiary, where he is serving a sentence of not less than 23 nor more than 24 months, imposed on him by the judge of the district court of the parish of Winn, for the larceny of personal goods and chattels of a value exceeding $20 and less than $100.
It appears that on October 26, 1922, the relator was tried on said charge before a jury of 5, and a verdict of guilty was rendered against him. On the following day he was sentenced by the court to imprisonment in the parish jail for one year, subject to be worked on the public roads under an ordinance of the police jury. There were no guards provided for the prisoners while working on the roads, and there was no place to detain them when not at work except the parish jail. The prisoners were put strictly upon their honor and were not confined at night nor when off duty. The relator took advantage of the privileges thus accorded him, and escaped to parts unknown.
On November 2, 1922, being the sixth day after sentence, the district judge, on his own motion, without any suggestion of mistake or error in the sentence, and in the absence of the accused, revoked and set aside the said sentence.
On June 30, 1923, some 8 months after the first sentence was revoked and set aside, the prisoner, having been captured and returned to jail in the meantime, was brought before the court, and, over the objection and protest of his counsel to the effect that the court was without authority to issue any further order, decree, or sentence, was sentenced by the court to imprisonment in the penitentiary at hard labor for a term of not more than 2 years nor less than 23 months.
The return of the manager of the penitentiary, through the Attorney General, admits substantially the facts herein recited, and asks that, in the event the court should hold that the judgment under which relator is held is null and void, then relator should be returned to the sheriff of the parish of Winn to serve the original sentence imposed on him.
*633 There is no doubt that the action of our learned brother of the district court was prompted by the conduct of the accused in violating the trust imposed in him. In his reasons he states that immediately after the sentence was imposed, and before execution of said sentence had begun, the accused fled from justice and remained a fugitive until he was apprehended in another state and brought back. We think the judge was in error in assuming that the sentence had not begun. The sentence was not revoked immediately after it was passed, but on the sixth day thereafter. The accused had served at least 5 days of his sentence, excluding the day of sentence and the day it was revoked, or at least had served from the time he was placed in charge of the sheriff until his escape. It therefore clearly appears that the accused had entered upon the execution of his sentence before he escaped.
In State v. Brannon, 34 La. Ann. 945, the accused had been sentenced to imprisonment in the parish jail for 00 days with privilege of compensating the same by work on the public streets of Monroe at $1 per day. The district attorney suggested to the court that the sentence was not in accordance with Act 38 of 1878, whereupon the prisoner was recalled and the original sentence modified to the effect that the accused was to work on the public works and streets of Monroe for 60 days. The court held that the right of the judge to thus amend or modify a sentence under such circumstances was settled by the highest authority. It is clear, however, that the alteration and modification was made to correct .an error and to make the sentence conform to the statute under which the accused was convicted. And it is equally clear that the change was made in the presence of the accused immediately after the first sentence and before the accused had entered upon the execution of his sentence. That is not the case here. The district judge, as late as the sixth day after the accused had been placed in charge of the sheriff, to carry out his sentence, on being informed that the prisoner had escaped, on his own motion revoked and set aside, in full and in whole, a perfectly valid and legal sentence, and for no reason than that the prisoner had become a fugitive from justice.
This court has frequently held that an appeal will not be entertained, but will be dismissed, where the accused has fled pending the appeal; but we are sure that no precedent in law or jurisprudence can be found for setting aside a sentence of imprisonment which has become final, and the imposition of a new, different, and greater punishment, because the accused has fled from justice. ¡The general rule, as announced in Corpus Juris, vol. 16, p. 1314 et seq., is that, where the defendant has executed or entered upon the execution of a valid sentence, the court cannot, even during the term at which the sentence was rendered, set it aside and render a new sentence. Nor can any amendment to the judgment be allowed where it would require a new sentence to be pronounced. But if there were any doubt as to the want of authority in the judge to set aside and revoke a sentence, and thereafter to impose a new and different one based on the conviction for the same offense, that doubt is removed and set at rest by Act 129 of 1868, now section 1070, Wolff’s Revised CLaws, which reads:
“Whenever any court * * * in this state, shall, by virtue of any law of the state, * * * adjudge against any person any term of imprisonment or any fine for any offense against the state, * * * it shall not be competent for such court * * * to remit any portion of such fine or imprisonment, nor to alter or amend the sentence, judgment, or order whereby such fine or imprisonment shall have been adjudged.”
It is perfectly obvious from the mere reading of the foregoing statute that the action of the judge, complained of, was, ultra vires, null and void, and the second sentence imposed on the 'relator will have to be set aside and the first one reinstated. We think, *636 however, that the relator should have credit for the time he has been confined in the penitentiary by virtue of the last sentence.
Before entering the decree, we feel constrained to give notice that, in view of the fact that constitutional authority is vested in the judges and courts of original jurisdiction to issue writs of habeas corpus in behalf of any person in actual custody, this court will not in future consider such an application, nor issue such a writ, unless a sufficient legal reason exists for not applying to the judges or courts of original jurisdiction, or when prompt and adequate relief is not otherwise available.
For the reasons stated in the foregoing-opinion, it is ordered, adjudged, and decreed that the sentence and judgment pronounced against the relator on June 30, 1923, by the district court of the parish of Winn, be and'it is annulled and set aside, and that the sentence and judgment of said court on October 27, 1922, be and the same is hereby reinstated and rendered effective against the relator; the said sentence to be subject to credit for the time which the relator has served under the sentence in the penitentiary.
It is further ordered that the relator be delivered over to the sheriff of the parish of Winn, to the end that the sentence herein reinstated may be executed, to the extent as herein stated, ’ and in the manner as provided in the said sentence.