(102 So. 683)

No. 26856.

### STATE v. ALBRITTON.

(Jan. 5, 1925.)

*(Syllabus by Editorial Staff.)*

**1. Indictment and information** ⊜⇒125(3)—**Information in liquor prosecution held not to charge two distinct offenses.**

Allegation in information that defendant had in his possession for sale intoxicating liquors for beverage purposes *held* not to charge two distinct and separate offenses, in view of Act No. 39 of 1921 (Ex. Sess.) § 3.

**2. Indictment and information** ⊜⇒119—**Information in liquor prosecution held to charge offense under statute.**

Information in language of Act No. 39 of 1921 (Ex. Sess.) § 3, except that it alleged that defendant "feloniously possessed intoxicating liquor for sale for beverage purposes," *held* to charge an offense; "feloniously" constituting surplusage in view that statute declares that its violation shall constitute a "misdemeanor," and defendant being punished as for a misdemeanor.

**3. Statutes** ⊜⇒5—**Act passed at extra session punishing unlawful possession and sale of intoxicating liquors held constitutional.**

Act No. 39 of 1921 passed at extra legislative session of 1921 *held* constitutional and valid legislation, though Const. 1921, art. 25, authorizing such session, was not signed by delegates thereto, in view that such article is appended to official draft of Constitution, and article 22, providing that all ordinances passed and ratified by convention and appended to official draft of Constitution should have same force and effect as if included in and constituting a part of Constitution.

**4. Criminal law** ⊜⇒1124(1)—**Overruling of motion for new trial held not presented for review.**

Overruling of a motion for new trial presented after sentence had been pronounced and no bill of exceptions being properly reserved, and a mere notation of ruling and objection being made by clerk in court minutes to stand "in lieu of a formal bill," would not be reviewed.

**5. Criminal law** ⊜⇒951(2)—**Motion for new trial comes too late after sentence.**

Motion for new trial comes too late after sentence, as trial judge is powerless to alter, amend, or set aside a sentence when once imposed.

Appeal from Twenty-Second Judicial District Court, Parish of East Baton Rouge; W. Carruth Jones, Judge.

Earl W. Albritton was convicted of possessing intoxicating liquors for purposes of sale, and he appeals. Affirmed.

Dewey J. Sanchez, of Baton Rouge, and H. L. Landfried, of New Orleans, for appellant.

Percy Saint, Atty. Gen., John Fred Odom,

Dist. Atty., of Baton Rouge, and Percy T. Ogden, Asst. Atty. Gen., for the State.

LAND, J. The information in this case charges that the defendant on the 20th of May, A. D. 1924, "feloniously did have in his possession for sale for beverage purposes intoxicating liquors, to wit, whisky."

The minutes of the court show that defendant was arraigned and pleaded not guilty July 15, 1924, and that the case was then assigned for trial on July 18, 1924. On the day fixed for trial, defendant filed a motion for a bill of particulars, which was furnished by the district attorney. The defendant through counsel then filed a motion for a continuance, and, upon motion of the district attorney, the case was reassigned for trial July 22, 1924. The questions before us for review are presented by three motions to quash the information, a motion in arrest of judgment, and a motion for a new trial, presented after sentence.

### Motion to Quash No. 1.

[1] 1. This motion is based upon the allegation that the information charges two distinct and separate offenses, to which different penalties are attached.

Section 3 of Act 39 of 1921 (Ex. Sess.), known as the Hood Act, declares:

"That any person who shall violate the provisions of this act by manufacturing, *or having in possession for sale*, or, by selling *intoxicating liquors* shall be deemed guilty of a misdemeanor," etc.

It is clear therefore that "having in possession for sale" intoxicating liquors for beverage purposes is but a single offense. The motion to quash was properly overruled.

### Motion to Quash No. 2.

[2] 2. This motion attacks the bill of information on the ground that it does not charge defendant with any crime denounced by the laws or the statutes of the state of Louisiana.

The defendant is evidently indicted under section 3 of the Hood Act, and the information is couched in the language of said section with the exception that it is alleged in said information that defendant "*feloniously* did have in his possession for sale for beverage purposes intoxicating liquor, to wit, whisky."

As said section declares that its violation shall constitute "a misdemeanor," punishable for the first offense by a fine of not more than $500, and imprisonment not less than 10 days nor more than 60 days, the use of the word "feloniously" in said information is unnecessary, and must be treated as mere surplusage, as the punishment cannot be affected thereby.

The defendant was fined $500 and incarcerated in the parish prison for 60 days, with a jail sentence of 60 days additional, in default of payment of fine. The punishment imposed upon defendant is for a misdemeanor, and is in accordance with the Hood Act. The motion, therefore, is not well founded.

### Motion to Quash No. 3.

[3] 3. It is alleged in this motion:

"That there is no valid law or statute of the state of Louisiana punishing 'the possession of intoxicating liquors for sale'; that the Hood Act, i. e., Act No. 39 of the Legislature of 1921, under which this prosecution is supposed to rest, is unconstitutional, null, and of no effect, because article 25 of the Constitution of the state, under which the extra session of 1921 was called, and during which the law was adopted, was not signed by the delegates to said convention, as required by law."

Article 25 of the Constitution of 1921 provides in section 1 of said article that—

"The Legislature of the state of Louisiana is hereby directed to convene in extraordinary session at the seat of government on the first Tuesday in the month of September, 1921, at twelve o'clock, noon, for a period not exceeding seventy-five days, with full authority as if convened in regular session."

The remaining portion of said article provides for the filling of vacancies in the Leg-

islature, either less than 30 days before, or during, the extraordinary session.

At the end of article 25 we find the following:

"Done and signed in open session of the convention, this, the 13th day of June, 1921," without any signatures following.

It is true that the signatures of the delegates to the constitutional convention of 1921 have not been affixed to this particular article of the Constitution.

Article 25 is found among the "miscellaneous ordinances" of the Constitution of 1921, at page 130, *and is appended to the official draft of the Constitution*, after the signatures of the members of the constitutional convention to that instrument.

However, subsection 14 of article 22, the Schedule of the Constitution of 1921, expressly provides that—

"All ordinances passed and ratified by this convention *and appended to the official original draft of the Constitution* delivered to the Secretary of State, the Supreme Court and the Governor of the State, *shall have the same force and effect as if included in, and constituting a part of this Constitution.*"

Article 25 of the present Constitution must, therefore, be considered by this court a part of the Constitution of 1921, although said article was not signed by the delegates to the convention.

The motion to quash is therefore unavailing, as the session of the Legislature of 1921 was duly authorized by article 25 of the present Constitution, and the Hood Act, passed at that session, is constitutional and valid legislation.

### Motion in Arrest of Judgment.

4. This motion is founded upon the same ground as motion to quash No. 3, and, for the reasons above assigned, is without merit.

### Motion for New Trial.

[4, 5] 5. The *motion for new trial* was presented in this case after sentence had been pronounced and was overruled. No bill of exceptions was properly reserved, a mere notation of the ruling and objection being made by the clerk in the minutes of the court to stand "in lieu of a formal bill." Moreover, a *motion for a new trial* comes too late after sentence, as the trial judge is powerless to alter, amend, or set aside a sentence, when once imposed. State v. Woods, 154 La. 631, 98 So. 47; Wolff's Revised Laws, § 1070; State v. Whittaker, 152 La. 611, 93 So. 918.

The conviction and sentence appealed from are therefore affirmed.

O'NIELL, C. J., considers the sentence excessive, but otherwise concurs.