**160 So. 121**

## STATE ex rel. HAAS v. SISTERS OF THE CONVENT OF THE GOOD SHEPHERD.

### No. 33352.

March 26, 1935.

George M. Brooks, of New Orleans, for relatrix.

FOURNET, Justice.

Relatrix filed an application with this court for the issuance of a writ of habeas corpus against the Mother Superior of the Convent

of the Good Shepherd to obtain possession of Willie Lee Benson, her minor foster child.

In the case of State of Louisiana ex rel. William C. Baumann v. William L. Langridge, Sheriff, 44 La. Ann. 1014, 11 So. 541, 542, this court held:

"While the writ of habeas corpus is one of right, it is not one of course. A party seeking to avail himself of it is not at liberty to select for himself absolutely either the time or place for relief or the tribunals through which it is to be obtained. So far from conceding it to be the duty of this court to entertain and act under each and every application for the writ in which we might legally do so, we are of the opinion that we should abstain from action where this may as well be done in competent lower courts, unless there should be special circumstances in the case making immediate, direct action or intervention necessary or expedient."

This rule of law has been repeatedly adhered to by this court. In the case of State v. Woods, 154 La. 631, 98 So. 47, 48, we said:

"Before entering the decree, we feel constrained to give notice that, in view of the fact that constitutional authority is vested in the judges and courts of original jurisdiction to issue writs of habeas corpus in behalf of any person in actual custody, this court will not in future consider such an application, nor issue such a writ, unless a sufficient legal reason exists for not applying to the judges or courts of original jurisdiction, or when prompt and adequate relief is not otherwise available."

Relatrix does not allege any good or legal reason in the application for us to depart from this principle of law.

For the reasons assigned, the application is denied.

O'NIELL, C. J., concurs on the ground that the civil district court has jurisdiction to issue a writ of habeas corpus in a case like this.