1 So.2d 675

**STATE v. SEILEY et al.**

No. 36109.

March 31, 1941.

Eugene Stanley, Atty. Gen., Niels F. Hertz, Sp. Asst. Atty. Gen., and E. Herman

Guillory, Dist. Atty., of Ville Platte, for the State, appellee.

George L. Fontenot, of Ville Platte, and A. H. Garland, of Opelousas, for defendants and appellants.

PONDER, Justice.

Mark Seiley and Joe Latour, the defendants, were tried and convicted of the crime of cattle stealing and sentenced to serve a term in the penitentiary of not less than fourteen months and not more than forty-eight months. The defendants have appealed from the conviction and sentence.

No brief has been filed on behalf of the defendants in support of the appeal and no appearance of counsel for the defendants was made on the hearing of the appeal.

From an examination of the record we find two unsigned bills of exceptions predicated on the court's ruling with reference to the competency of a prospective juror and the court's ruling on the admission of testimony. We also find a motion for a new trial and a motion in arrest of judgment based on the grounds set out in the unsigned bills of exceptions. The motion for a new trial and the motion in arrest of judgment were filed after sentence.

▮ The unsigned bills of exceptions cannot be considered by this court for the reason that it does not appear that they were presented to and signed by the trial judge. State v. Chretien et al., 184 La. 739, 167 So. 426.

▮ The motion for a new trial filed after sentence cannot be considered for the reason that a motion for a new trial must be filed and disposed of before sentence. Article 505, Code of Criminal Procedure; State v. Hughes, 170 La. 1063, 129 So. 637.

▮ The motion in arrest of judgment is based on the grounds set out in the two unsigned bills of exceptions. The first ground is to the effect that the defendants were compelled to accept an incompetent juror. At the time the juror was challenged for cause the defendants had not used any of their peremptory challenges. Moreover, we find from the notes of testimony in the record that the prospective juror's hearing was not defective to such an extent that he would be unable to hear a witness testify in an ordinary tone of voice. The second ground set out in the motion in arrest of judgment is to the effect that the trial court erroneously permitted the State to introduce the testimony of a defense witness, who had been threatened with dire results, for the purpose of the witness changing his testimony under the guise of rebuttal. From the notes of testimony it appears that the witness desired to change his testimony of his own accord. There is no testimony in the record of any threats being made to the witness. The motion in arrest of judgment is not based on any defect patent on the face of the record but is based on alleged erroneous rulings of the trial judge on purely incidental questions arising during the progress of the trial, which cannot be ascertained without an examination of the evidence.

"No defect that is merely formal, or cured by verdict, or that can not be ascertained

without an examination of the evidence, is good ground for arresting judgment." Article 518, Code of Criminal Procedure.

For the reasons assigned the conviction and sentence are affirmed.

O'NIELL, C. J., and LAND, J., absent.