**62 So.2d 643**

**STATE v. TRUAX.**

**No. 40957.**

Dec. 15, 1952.

Rehearing Denied Jan. 12, 1953.

Weber & Weber, Baton Rouge, for appellant.

Fred S. LeBlanc, Atty. Gen., M. E. Culligan, Ass't Atty. Gen., and Joseph A. Sims, Dist. Atty., Hammond, for appellee.

LE BLANC, Justice.

The defendant in this case, Julius Truax, was formally indicted by a Grand Jury in the Parish of Livingston on October 17, 1951, for having committed the crime of incest on May 29, 1951. He was tried before a jury which rendered a verdict of "guilty as charged" on May 8, 1952. On May 22, 1952, he was sentenced by the Court to imprisonment at hard labor in the

State Penitentiary for seven and one-half years.

From the extract of the Court minute entries as reproduced in the record, it appears that the defendant was represented by employed counsel at the time of his arraignment but when the case was about to be assigned for trial this counsel withdrew and thereupon the Court appointed two qualified attorneys to assist him in his defense. The case was assigned for trial about a month later and, as already stated, resulted in a verdict of guilty, followed by the sentence later on imposed by the Court.

During the trial, which appears to have been regular in every respect, counsel representing the accused reserved several bills of exception to the rulings of the Court on objections to testimony but none of them were perfected.

On May 23, 1952, the day after sentence, and fourteen days from the date of verdict, defendant, through newly employed counsel, filed a motion for a new trial based on allegedly, newly discovered evidence and on also the proposition that the testimony of the prosecuting and other witnesses was biased and prejudiced. He also filed a motion in arrest of judgment.

The motion for a new trial after having been submitted on briefs, was denied and so was the motion in arrest of judgment. Defendant, through his counsel, moved for and was granted an order of suspensive appeal to this Court.

As previously stated, there were no bills of exception perfected following the trial below and the only complaint now urged by counsel for defendant is with regard to the Court's refusal to grant the new trial which has been applied for.

The record indicates that the motion was denied because it had been filed after sentence had been imposed on the defendant. A statement made to counsel, by the Court, while the motion was being considered, and which appears in the record, is to the effect that pending the imposition of sentence, the accused was still represented by counsel who had been appointed by the Court, and that sentence was purposely deferred to grant them the opportunity of filing a motion for a new trial had they felt that such motion might be effective.

 Counsel for defendant, in view of the positive provisions of Article 505 of the Code of Criminal Law and Procedure, LSA-R.S. 15:505, that a motion for a new trial "must be filed and disposed of before sentence" do not dispute the fact that the motion in this case was filed too late but they earnestly contend that a new trial should be granted under the provisions of Article 509 of the Code, LSA-R.S. 15:-509. That Article declares that a new trial ought to be granted under any one of five stated conditions, the fifth of which is to the following effect: Whenever, though as a matter of legal right the accused may not be entitled to one, yet the judge is of the opinion that the ends of justice would

be served thereby. But the determination of such an issue is a matter which addresses itself primarily to the discretion of the trial court and this Court will not interfere unless an arbitrary abuse of that discretion appears. State v. Saba, 203 La. 881, 14 So.2d 751. It is to be presumed that the trial judge gave due consideration to the provisions of the Article of the Criminal Code relied on by counsel and evidently found no reason for their application in this case. We find no reason, on our part, to hold that he arbitrarily exercised the discretion which the law reposed in him.

What has been said with regard to the motion for a new trial applies, with the same reasoning, to the motion in arrest of judgment which was based on the same grounds.

For the reasons stated, the judgment and conviction are affirmed.

McCALEB, J., concurs with written reasons.

FOURNET, C. J., and HAWTHORNE, J., concur in the decree.

McCALEB, Justice (concurring).

I cannot agree that the trial judge is vested with discretion to grant a new trial after sentence by virtue of the fifth paragraph of Article 509 of the Code of Criminal Procedure. LSA–R.S. 15:509. Manifestly, Article 509, which sets forth the reasons for which a new trial ought to be granted, applies only to cases in which a new trial is timely sought and is specifically limited by Article 505. LSA–R.S. 15:505. That article, which is the first of the twelve Articles (see Articles 505–516) Title XXV of the Code of Criminal Procedure, LSA–R.S. 15:505 to 15:516, entitled "Motion for New Trial", declares in mandatory language that a motion for a new trial "* * * *must* be filed and disposed of *before sentence.*" (Italics mine.) This provision is in conformity with the long established jurisprudence of this Court. State v. Albritton, 157 La. 579, 102 So. 683; State v. Hughes, 170 La. 1063, 129 So. 637; State v. Seiley, 197 La. 405, 1 So.2d 675 and other cases too numerous to mention.

In State v. Albritton, supra [157 La. 579, 102 So. 685], it was held that a motion for a new trial comes too late after sentence because the trial judge is "powerless to alter, amend, or set aside a sentence, when once imposed."

In subscribing to the notion that the trial judge has discretion to consider a motion for a new trial filed after sentence, the majority has introduced an innovation in our criminal procedure which may lead to much abuse, aside from the extra burden it places upon the district judges of the State.

I concur in the result.