PONDER, Justice.
The Grand Jury for the Parish of Caddo returned an indictment against James Bush and Joseph Washington charging them with the murder of Claude Fontaine Bryant on February 12, 1954. On May 6, 1955 the defendant James Bush informed the trial judge that he was unable to employ counsel, whereupon the court appointed Mr. John T. Carpenter, an attorney, to represent him. Mr. Carpenter has been an active member of the Shreveport Bar and has been actively engaged in the practice of law for more than twenty years. On May 13, 1955 the defendants were called for arraignment, being represented by Mr. Carpenter and Mr. John F. Phillips, an attorney employed by and representing the defendant Joseph Washington. The defendants entered a plea of not guilty and their case was set for trial on June 13, 1955. Upon trial of the case, the jury returned a verdict on June 14, 1955 finding the defendants guilty as charged. On June 21, 1955 the defendants, accompanied by their counsel, were sentenced to be electrocuted. On September 6, 1955, some sixty-six days after sentence, motions for a new trial were filed in the lower court by two attorneys other than those who represented the defendants in the trial of the case. The motions were set for argument. The state moved to dismiss the motions for a new trial on the ground that they came too late, for the reason that the judge was powerless to consider the motions presented after the imposition of sentence in view of the positive provisions of Article 505 of the Code of Criminal Pro-
*20 cedure (now LSA-R.S. 15:505). The defendants objected to the state’s motion and the court overruled the defendants’ objection. This ruling of the court is the basis of Bill of Exception No. 1. Counsel for the defendants moved for a continuance of the argument in order to submit evidence in support of their motions for a new trial. The court refused to grant a continuance and this ruling forms the basis for Bill of Exception No. 2. On October 7, 1955 the trial court overruled the motions for a new trial and defendants objected to the ruling and reserved Bill of Exception No. 3. On October 11, 1955 counsel for the defendants moved for an appeal which was granted. The appeal has been submitted for our consideration;
It is alleged in the motions for a new trial that thé attorneys representing the defendants before, during, and after the trial committed acts of commission and omission which deprived the defendants of a fair and impartial trial in violation of the due process clauses of the State and Federal Constitutions, LSA-Const. art. 1, § 2; U.S. Const. Amend. 14. The alleged acts of commission and omission are to the effect that a motion for a severance was not interposed; that no motion for a change of venue was filed; that no demurrer or motion to quash the indictment was filed attacking the legality or selection of the members of the Grand Jury returning the indictment as to the systematic exclusion of the colored race; that no challenge was made to the array of the petit jury as to the selection thereof without proper representation of the colored race; that the prospective jurors were not properly examined on their voir dire; that the state’s witnesses were not cross-examined; that no effort was made to sequester the witnesses; that no objection was made to the introduction of the defendants’ confessions; that no- bill of exception was taken during the course of the trial; that no special charge to the jury was requested; that no motion for a new trial was filed; that no plea of insanity was urged and that no appeal was taken from the conviction and sentence.
The sole question in this case is whether or not the trial- court had authority to entertain the motions for a new trial filed more than two months after the conviction and sentence. Under Section 505 of the Code of Criminal Procedure (now LSA-R.S. 15:505), “Every defendant has the right to move for a new trial at any time after verdict, but such motion must be filed and disposed of before sentence.”
In the case of State v. Truax, 222 La. 463, 62 So.2d 643, relied upon by counsel for the appellants, the motion for a new trial was filed the day after the imposition of sentence and without objection by the state. In the per curiam handed down in State of Louisiana ex rel. Joseph Sheffield v. Honorable Carey J. Ellis, Judge Fifth Judicial District Court, Parish of Franklin, State of Louisiana, et al., No. 41,689 on the docket of this court, this court stated:
“The imposition of the sentence was a final disposition of the case, LSA-R.S. 15:541 and the only orders which the trial judge could render were those pertaining to ministerial matters or those not in controversy on appeal, in the event an appeal had been taken. LSA-R.S. 15:545. He was powerless to consider a motion for a new trial, which was presented to him after the imposition of sentence, in view of the positive provisions of Article 505 of the Code of Criminal Procedure, LSA-R.S. 15:505 declaring that a motion for a new trial ‘must be filed and disposed of before sentence.’ See also State v. Albritton, 157 La. 579, 102 So. 683; State v. Hughes, 170 La. 1063, 129 So. 637 and State v. Seiley, 197 La. 405, 1 So.2d 675.
“In State v. Truax, 222 La. 463, 62 So.2d 643, heavily relied on by counsel for relator, the motion for a new trial was filed the day after the imposition of sentence and, without objection from the State, it was heard and overruled. On appeal, this court held that the judge did not abuse the discretion *21 vested in him by the fifth paragraph of Article '509 of the Code of Criminal Procedure, LSA-R.S. 15:509, in refusing a new trial. Hence the statement in that opinion, that the trial judge could rightfully receive and consider a motion for a new trial after sentence, was unnecessary to the decision and is not controlling in view of Article 505 of the Code of Criminal Procedure, LSA-R.S. 15:505 and the jurisprudence to which we have above referred.”
It is provided in the Code of Criminal Procedure in Article 509, LSA-R.S. 15:509, that:
“A new trial ought to be granted: (1) Whenever the verdict is contrary to the law and the evidence; or (2) Whenever the bills of exception reserved during the proceedings show error committed to the prejudice of the accused; or (3) Whenever since verdict new material evidence has been discovered that could not have been discovered with reasonable diligence before or during trial; or (4) Whenever since verdict accused has discovered errors or defects in the proceedings to his prejudice that could hot have been discovered with reasonable diligence before verdict; or (5) Whenever, though as a matter of legal right the accused may not be entitled to a new trial, yet the judge is of the opinion that the ends of justice would be served by the granting of a new trial.”
This provision of law authorizes the trial court to grant a new trial when the ends of justice would be served but the motion for a new trial must be disposed of or the new trial granted by the trial court before sentence is imposed. Article 505, Code of Criminal Procedure, LSA-R.S. 15:505.
For the reasons assigned, the conviction and sentence are affirmed.
SIMON", J., absent.