275 So.2d 174 (1973)
STATE of Louisiana, Appellee,
v.
Joseph M. RANDOLPH, Appellant.
No. 53025.
Supreme Court of Louisiana.
March 8, 1973.
Dissenting Opinion April 6, 1973.
*175 Woodson T. Callihan, Public Defender, for appellant.
William J. Guste, Jr., Atty. Gen., LeRoy A. Hartley, Sp. Asst. Atty. Gen., Ossie B. Brown, Dist. Atty., Ralph L. Roy, Asst. Dist. Atty., for appellee.
TATE, Justice.
The defendant Randolph, 52 years of age, was convicted of armed robbery and sentenced to five years in the state penitentiary without benefit of parole, probation, or suspension of sentence (the minimum sentence permissible for conviction of this offense, La.R.S. 14:64). On his appeal, he relies upon two bills of exceptions.
Bill No. 1 urges that the trial court committed error in not ordering a new trial, in the face of substantial newly discovered evidence indicating his innocence, and in the face of a contention that no evidence proved specific criminal intent to take the property of another, an essential element of the crime of armed robbery. Bill No. 2 is taken to the order of the trial court denying the defendant a transcript of the testimony at the trial and at a preliminary hearing of November 4, 1971, thus denying the defendant appellate review of his contentions.

Context Facts
The context facts of this prosecution are as follows, as established from the testimony of the newly discovered witnesses at the motion for new trial, the admissions of counsel, and the pleadings in the record:
The defendant Randolph had been discharged as attendant at a service station. He claimed he had not been paid wages of $96 due him. He drove to the station with two women. He there engaged in a loud altercation over his unpaid wages with Linn, a supervisor, first on the apron outside the premises and then inside the station office.
Linn eventually paid him the amount claimed and obtained a receipt from him. Randolph walked out, got into his car, and drove off. Linn took the cash paid from several hundred dollars in the till, which Randolph did not disturb.
Another service station attendant was in the premises. There were at least seven or eight other people, customers or people waiting for rides, in the immediate vicinity. At least one of them walked in the office during the altercation and bought some cigarettes from the other attendant.
No immediate outcry or claim of theft was made at that time, although a policeman was in the immediate vicinity. The defendant calmly rode away, having openly displayed the money he had collected for unpaid wages as he passed through the several people outside, unaware until his arrest two blocks away several hours later of his employer's contention that he had collected the wages by the use of force.
Upon Linn's complaint that Randolph had robbed him while armed with a knife, Randolph was arrested for armed robbery and placed under $150,000 bail. On November 4, 1971, a preliminary hearing was held, and the bail was reduced to $2,500. The trial judge held there was no probable cause to hold Randolph for armed robbery.
At the trial, Linn and the service station attendant testified. Only Randolph testified in his defense, as his legal aid counsel had not at that time been able to ascertain the identity of any of the people transitorily around the service station during the altercation some eight months prior to the trial.
At the trial, Linn gave an embellished version of Randolph's collection tactics much more unfavorable to Randolph than he had given at the preliminary hearing. The issue was whether Randolph's small pocket knife with a broken point was used *176 to coerce collection of the wages owed, and to what extent it was displayed in connection therewith. Although cross-examined as to the discrepancy, the jury essentially had to choose between the credibility of Linn, the white supervisor, as partially corroborated by his employee (the other station attendant), as against that of Randolph, the accused, who was uncorroborated by any other witness.
With these context facts in mind (and subject to the limitations of being based on a partial transcript, see below), we address ourselves to the contentions of the defendant:

Transcript of Testimony (Bill No. 2).
The defendant Randolph is entitled to a transcript of the trial evidence and of the preliminary examination. The trial court erred in denying it.
In the first place, without these, we cannot afford the defendant the appellate review he is entitled of right to his contentions that the trial court committed error of law or, at the least, abused his discretion in denying the new trial on the allegations and showing made of newly discovered evidence. We do not hold, as a matter of law, that an applicant is entitled to a full transcript where he alleges the trial court abused his discretion in denying a new trial on allegations similar to the present; we simply hold that this applicant is, where the allegations present a very close question which cannot adequately be reviewed without the full transcript.
In the second place, fairly and untechnically construed, the defendant's motion for a new trial raises the contention that there is a total lack of evidence that he took anything of value belonging to another, an essential element of the offense of armed robbery.[1] However unfounded such contention may be, nevertheless, under well settled principle, the defendant has raised an issue of law and is entitled to have the entire transcript of testimony attached to his bill of exceptions reserved as to the new trial's denial, in accordance with his request that the bill include such transcript.

Motion for a New Trial (Bill No. 1)
In view of the substantial showing made, and subject to the limitations of being based on a partial transcript (see below), our present view is that the trial court abused its discretion in denying a new trial.
Our finding is to some extent based upon the extreme facts of this case, which show: (a) without contradiction, a bona fide dispute about the payment of wages in the presence of many witnesses, i. e., no pattern of criminal conduct; (b) the belated but diligent discovery, after conviction, of witnesses only transiently at the scene, who strongly indicate the defendant's innocence of criminal conduct or intent (and no real opportunity, until after the trial, to produce such independent proof, where the defense at the trial was based upon the testimony of the defendant alone); (c) the actions of the trial court at the preliminary *177 examination, indicating the apparent weakness of the state's case; (d) the testimony of the prosecuting witness at the trial substantially increasing and changing the alleged criminal nature of the defendant's conduct, as compared with his testimony at the preliminary examination (with the intimations of prosecutorial overkill); and (e) the lack of a real opportunity, until the new witnesses were discovered after the conviction, to present evidence from independent witnesses which casts great doubt upon the version of the prosecuting witness, nor the real need to do so until the prosecuting witness produced his trial version of the incident.
Under this showing, in our opinion the defendant is entitled to a new trial under La.C.Cr.P. Art. 851(3) and (5): "The court, on motion of the defendant, shall grant a new trial whenever: . . . (3) New and material evidence that, notwithstanding the exercise of reasonable diligence by the defendant, was not discovered before or during the trial, is available, and if the evidence had been introduced at the trial it would probably have changed the verdict or judgment of guilty; . . . or (5) The court is of the opinion that the ends of justice would be served by the granting of a new trial, although the defendant may not be entitled to a new trial as a matter of strict legal right."
We should note that La.C.Cr.P. Art. 858 provides: "Neither the appellate nor supervisory jurisdiction of the supreme court may be invoked to review the granting or the refusal to grant a new trial, except for error of law." However, an abuse of the trial court's discretion on either of the grounds cited has been regarded as presenting a question of lawalthough, of course, great weight must be attached to exercise of the trial court's discretion, which should not be disturbed on review in the absence of clear abuse. See, e. g., State v. Jackson, 253 La. 205, 217 So.2d 372 (1968) and State v. Truax, 222 La. 463, 62 So.2d 643 (1952).
Under circumstances equivalent to the present, this court has reversed a trial court's denial of a new trial. State v. Gardner, 198 La. 861, 5 So.2d 132 (1941). The defendant is entitled to similar relief here, under the showing made.
No serious contention was made in the trial court that the facts as above outlined are not essentially correct. Rather, the contention was that the witnesses in question could not be deemed to have added to the defendant's case since, although a few feet distant, they were not actually present in the service station office when the supervisor handed over the money to the defendant and obtained a receipt for it. Such a contention we find erroneous in law.
In the event, however, that the state feels that a review of the full transcript and of preliminary hearing might lead this court to a different conclusion, we will upon application for rehearing consider remanding to complete the record to obtain this full record for reconsideration. We do not do so now, however, because the state does not seriously dispute the showing made and because the state itself may, in the light of the views above expressed, feel that a new trial is in the interests of justice.
For the reasons assigned, the conviction and sentence of the defendant are set aside, and the case is remanded for a new trial according to law.
Remanded for a new trial.
HAMLIN, C. J., and SUMMERS, J., dissent.
SANDERS, Justice (dissenting).
The majority has reversed defendant's conviction for robbery on two grounds: (1) he is entitled to a transcript of the trial testimony and (2) the trial judge erred in denying a new trial.
*178 The trial judge, in my opinion, correctly held that the defendant was not entitled to a full transcript of the trial testimony. His reasons on this point are sound:
"The motion for a new trial, at which counsel sought to make the transcript of the entire testimony a part of his bill, merely articulates that the `* * * verdict is contrary to the law and the evidence for the reason that all the required elements of the crime were not proven and/or supported by the evidence. Specifically, the evidence taken in its totality does not support a finding or proof of specific criminal intent to commit theft in this instance, which is an essential and necessary element to sustain a finding of a guilty verdict to Armed Robbery.' Thus it is clear that counsel for the defendant seeks to have the Supreme Court weigh the testimony considered by the jury. State v. Brent, 248 La. 1072, 184 So.2d 14 (1966)."
Assuming, however, that defendant is entitled to the full transcript for his appeal, the failure of the trial court to furnish him the transcript provides no ground for upsetting the conviction. The appropriate relief is to order the trial court to send up the transcript to complete the appellate record. See LSA-C.Cr.P. Art. 916.
The second ground in the majority opinion is equally without merit. Under the constitutional limitations on its jurisdiction, this Court can review the denial of a motion for a new trial only for an error of law. Article 858 of the Louisiana Code of Criminal Procedure is explicit:
"Neither the appellate nor supervisory jurisdiction of the supreme court may be invoked to review the granting or the refusal to grant a new trial, except for error of law."
The majority has reviewed the fragmentary evidence before this Court and ordered a new trial. In my opinion, this is error, because it involves a weighing of the evidence contrary to the constitutional mandate.
As to the supplemental motion for new trial, based on new discovered evidence, I find no legal error in the trial judge's ruling. He states:
"The supplemental motion for a new trial alleged the discovery of witnesses which could not have been produced at trial after reasonable diligence. For fear that a miscarriage of justice may have occurred, the Court heard these witnesses and evaluated their testimony. When it came to the critical issue of whether or not either had been present at the moment of the offense, both witnesses gave negative responses. The Court felt that even with these witness' testimony the verdict would have been the same since they could add nothing to what was already before the jury.
"At the time I heard the motion for a new trial, the witnesses, and the argument of counsel I was convinced that there was no merit to the motion and I did not feel that the accused had suffered any injustice or a denial of his `full' day in Court. Research following my ruling has only served to convince me that there was and still remains no merit to Bill No. 1"
The jury is charged with the responsibility of weighing the evidence and determining guilt. The jury in the present case had the benefit of all of the evidence. The intervention of this Court, in my opinion, is unjustified.
For the reasons assigned, I respectfully dissent.
NOTES
[1] The allegation in this regard is: "The verdict is contrary to the law and the evidence for the reason that all the required elements of the crime were not proven and/or supported by the evidence. Specifically, the evidence taken in its totality does not support a finding or proof of specific criminal intent to commit theft in this instance, which is an essential and necessary element to sustain a finding of a guilty verdict to Armed Robbery." (Italics ours.)

"Armed robbery is the theft of anything of value from the person of another or which is in the immediate control of another * * *." La.R.S. 14:64. (Italics ours.) "Theft is the misappropriation or taking of anything of value which belongs to another * * *." La. R.S. 14:67. (Italics ours.)
It would be a hypertechnical construction to hold that the pleading alleging in substance that the taking of property belonging to another (an essential element) is not "proven . . . by the evidence" does not adequately allege a total lack of evidence to prove such essential element.