KLIEBERT, Judge.
Mark Turner, a 33 year old decorated Viet Nam veteran with subsequent (but not necessarily related) psychological, drug and marital problems, pled guilty in the Twenty-fourth Judicial District Court to a violation of LSA-R.S. 14:67, theft. Between March 3 and 15, 1983, he had cashed 14 checks at his place of employment, Clear-view Dodge, totaling $22,135.00.
He was sentenced to six years at hard labor, to be served consecutive to a six-year sentence previously imposed for issuing a worthless check, i.e., $12,338.18 to Security Homestead.
On appeal of the Clearview Dodge conviction (there was no appeal of the Security Homestead conviction for which the defendant had been sentenced on July 22, 1983) this court, in an unpublished opinion dated March 13, 1985, Docket No. 84-KA-543, set aside the sentence as being excessive and remanded the case to the district court for resentencing. The focus for the remand was stated by the court as follows:
“Appellant is currently receiving psychological treatment at Hunt Correctional Control Center. We are advised that if his six-year sentence is allowed to stand, Turner will be transferred to Angola as Hunt’s facilities are not open to prisoners serving sentences in excess of 10 years. Considering this, along with Turner’s commendable war record and the fact that the crimes he pled guilty to are not violent, we are of the opinion that the second six-year sentence is excessive. There is no evidence in the record indicating that Turner physically hurt or threat *542 ened anyone, except for the simple battery misdemeanor charge.”
On remand the trial court, in a consolidated hearing on May 1, 1985, resentenced the defendant on the Security Homestead conviction (District Court Docket No. 82-4030) to 5 years and simultaneously resen-tenced the defendant to 5 years on the Clearview Dodge conviction (District Court Docket No. 83-1470) to be served consecutively. In imposing these sentences, the trial judge noted the defendant would again be eligible for the Hunt Facility Rehabilitation program.
In the consolidated hearing, defense counsel objected to each sentence as being excessive and made oral motions for an appeal in each case. When the records were lodged with this court, each appeal was assigned a docket number, i.e., Docket No. 85-KA-640 for the Security Homestead conviction and Docket No. 85-KA-651 for the Clearview Dodge conviction.
From reading the record in the consolidated hearings and the briefs filed in the appeal, it is apparent that during and since the consolidated hearings for the re-sentence on May 1, 1985, the issues have been viewed by the trial court and the attorneys under the premises both convictions, i.e., the Security Homestead conviction under District Court Docket No. 82-4030 and the Clearview Dodge conviction under District Court Docket No. 83-1470, were on appeal and both cases were remanded. In fact, however, the first appeal to this court, which was lodged under Docket No. 84-KA-543 and resulted in the March 13, 1985 opinion and remand was limited to the Clearview Dodge conviction and sentence. Hence, although the sentence on the Clearview Dodge conviction was held in abeyance by the appeal to this court, the sentence on the Security Homestead conviction had not been appealed and was in fact being served at the Hunt Correctional Institution. The record does not indicate the original sentence imposed on the Security Homestead conviction was an illegal one. Rather, it shows the court and the defense attorney were under the mistaken belief both convictions had been appealed. Therefore, the sentence was final and could no longer be altered by the trial judge under the jurisdiction he obtained by the initial trial proceedings. C.Cr.P. art. 881. State v. Guajardo, 428 So.2d 468 (La.1983); State v. Woods, 154 La. 631, 98 So. 47 (1923).
Since the trial judge no longer had jurisdiction to alter the sentence of six years imposed on the Security Homestead conviction, his subsequent order setting aside the six year sentence and imposing a five year sentence was null and void ab initio and hence of no effect. Thus, the original sentence of six years on the Security Homestead conviction is still in full force and effect. Accordingly, the appeal under our Docket No. 85-KA-640 is dismissed.
We next consider the appeal of the Clearview Dodge conviction under Docket No. 85-KA-651. As may be noted from this court’s unpublished opinion under Docket No. 84-KA-543, dated March 13, 1985, one of the reasons this court set aside the original sentence of six years which was to be served consecutively with the previous unappealed sentence of six years, imposed for the Security Homestead conviction, was the fact the defendant would be deprived of the treatment then being received by him at the Hunt Correctional Control Center. Since the sentence for the Security Homestead conviction must stand at six years, the sentence of five years imposed on the Clearview Dodge conviction still deprives the defendant of the treatment at the Hunt Correctional Institution. To accomplish this desired result would require a sentence not in excess of four years. Accordingly, the sentence of five years for the Clearview Dodge conviction imposed on May 1, 1985 is set aside and the case remanded to the trial court for resen-tencing.
DISMISSED IN PART; SET ASIDE AND REMANDED IN PART.